# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> v. <br><br> GUILLERMO MASSA <br> *Defendant*. | No. 1:15-cr-00411-RMB <br><br> **OPINION** |

**APPEARANCES:**

GUILLERMO MASSA
120 RIDGE AVENUE
BLACKWOOD, NJ 08012
    *Defendant Appearing Pro Se*

JASON M. RICHARDSON
OFFICE OF THE U.S. ATTORNEY
CAMDEN FEDERAL BUILDING
401 MARKET STREET
P.O. BOX 1427
CAMDEN, NJ 08101

JOSEPHINE J. PARK
DOJ-USAO
401 MARKET STREET
4TH FLOOR
CAMDEN, NJ 08101

SARA ALIYA ALIABADI
OFFICE OF THE U.S. ATTORNEY
DISTRICT OF NEW JERSEY
401 MARKET STREET
P.O. BOX 2098
CAMDEN, NJ 08101-2098
    *Attorneys for United States of America*

<u>Bumb</u>, **Chief District Judge**

**THIS MATTER** comes before the Court upon Defendant's Motion for Early Termination of Supervised Release (ECF No. 27). Having reviewed Defendant's motion, as well as the Government's Response (ECF No. 30), the court shall deny Defendant's motion for the reasons stated below.

## I. BACKGROUND

On August 19, 2015, Defendant Guillermo Massa appeared before the late Honorable Jerome B. Simandle and pleaded guilty to a one-count Information. (ECF Nos. 13, 15.) The Information charged that from on or about January 16, 2015 to on or about June 5, 2015, in Camden County, New Jersey and elsewhere, Defendant knowingly and intentionally conspired and agreed with others to distribute and possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation 21 U.S.C. §§ 841(a)(l) and (b)(l)(B) and 21 U.S.C. § 846. (PSR ¶ 1.) Defendant did so by knowingly receiving cocaine shipments sent via the United States Postal Service to Defendant's home in Camden from a non-existent return address in Puerto Rico. (PSR ¶ 7.) When officers arrived at Defendant's home to execute a warrant, Defendant attempted to flee and discard the drugs. (PSR ¶ 12.) However, he was quickly apprehended and admitted to the officers that he knew the Parcel contained cocaine and that it had been shipped to him from Puerto Rico. (PSR ¶ 14.)

On December 21, 2015, Defendant was sentenced to a 77-month term of imprisonment, to be followed by a five-year period of supervised release. (ECF No. 20 at 2, 3.) On July 8, 2020, Defendant was released from custody and began serving his term of supervised release. (ECF No. 25.) After having been on supervised release for little more than three years, Defendant filed the instant Motion for Early Termination of Supervised Release,[1] claiming he successfully completed the BOP's Residential Drug Abuse Program ("RDAP"), has been "incident free" since his release from prison, and has had gainful employment working two jobs to pay a mortgage on a home he purchased for him and his family last Fall. (ECF No. 27 at 1–2.) Currently, approximately one year—or 20%—remains on Defendant's supervised release term.

The Government opposes Defendant's Motion on the basis that he was given a substantially lower sentence than that of the recommended Guidelines' range, therefore early termination of his supervised release would "aggravate an already existing sentencing disparity." (ECF No. 30 at 4.) The Government further argues early termination "would not afford general deterrence to other potential offenders" and that Defendant should not be granted early termination just for doing what he was expected to do while incarcerated and while on supervised release. (ECF No. 30 at 4.)

---

[1] On June 5, 2024, this matter was reassigned to me from the docket of the Honorable Robert B. Kugler as a result of Judge Kugler's retirement from the federal bench. (ECF No. 31.)

## II. LEGAL STANDARD

A term of supervised release may be terminated by the court following "the expiration of one year of supervised release[.]" 18 U.S.C. § 3583(e)(1). However, early termination may only occur after consideration of the factors set forth in 18 U.S.C. § 3553(a) and if the court is satisfied that such an action is warranted by the conduct of the defendant and is in the interest of justice. 18 U.S.C. § 3583(e). Importantly, these factors include a consideration of the nature and circumstances of the offense, as well as the need for the sentence to reflect the severity of the offense, promote adequate deterrence, and protect public safety. 18 U.S.C. § 3553(a). The defendant "has the burden of proof by a preponderance of the evidence to establish that early termination of his supervised release is warranted." United States v. Gonzalez, Criminal Action No. 16-45-2, 2022 U.S. Dist. LEXIS 22957, at *1 (E.D. Pa. Feb. 9, 2022) (citing United States v. McDowell, 888 F.2d 285, 291 (3d Cir. 1989)).

In United States v. Melvin, 978 F.3d 49 (3d Cir. 2020), the Third Circuit ruled that the District Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination," including any new circumstances which may have arisen since sentencing occurred. Id. at 52 (citing United States v. Emmett, 749 F.3d 817, 819 (9th Cir. 2014)). To that end, "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." Melvin at 53. "Nonetheless, while

4

such factors are not required, if a sentence was sufficient, but not greater than necessary when first pronounced, as § 3553(a) requires, a reviewing court would generally expect that something will have changed in the interim that would justify an early end to a term of supervised release." United States v. Paulino, Crim. No. 18-292, 2023 U.S. Dist. LEXIS 188796, at *4 (D.N.J. Oct. 20, 2023).

In assessing the relevant factors pursuant to 18 U.S.C. § 3553(a), it is sufficient for the court to make a statement that such factors have been considered, and no specific findings of fact with respect to each factor is required. Melvin at 52–53 (citing United States v. Gammarano, 321 F.3d 311, 315–16 (2d Cir. 2003)).

### III. ANALYSIS

While Defendant's success following his incarceration is to be applauded, said success must also be recognized as the result of the prison system effectively doing its job to rehabilitate. Nevertheless, this Court's consideration of all of the factors set forth in 18 U.S.C. § 3553(a) establishes early termination of Defendant's remaining term of supervised release is not warranted.

With respect to the nature and circumstances of Defendant's underlying offenses, Defendant was involved in a significant cocaine distribution scheme involving approximately 25 Kilograms of cocaine[2] over the course of six months and utilizing the United States Postal Service to accomplish this task. (PSR ¶¶ 6–15.)

---

[2] The court takes judicial notice of the fact that 25 Kilograms equates to 55.115566 pounds on a non-Metric scale. *See* Conversion-Metric, https://www.conversion-metric.org/weight/kilogram-conversions (last visited June 24, 2024).

Due to the seriousness of Defendant's engagement in this criminal activity and the effect it had on the community, early termination is inconsistent with the first § 3553 factor.

As to the history and characteristics of Defendant, since the age of 18, he has been convicted of, and served time for, various drug offenses in New Jersey's State Courts.  (PSR ¶¶ 32–34.)  As a result of his criminal history, Defendant was deemed a Career Offender and was subject to a mandatory minimum sentence.  (J.S. Reasons 1.)  It is well settled that "[m]ultiple convictions for similar offenses weigh against ending supervised release early."  United States v. Hightower, Criminal Action No. 20-00882, 2024 U.S. Dist. LEXIS 56982, at *6 (D.N.J. March 28, 2024).

With regard to § 3553(a)(2) and the need for the sentence imposed, Defendant argues his "commendable reentry into the community, completion of various programs while incarcerated and incident free performance on supervised release" all facilitate towards early termination.  (ECF No. 27 at 2.)  This Court disagrees. The sentence of incarceration imposed upon Defendant was substantially lower than the recommended Guidelines range.  This is so in large part due to the Government's request for a Downward Departure based upon Defendant's substantial assistance.  (J. S. Reasons 2.)  Notwithstanding, any further reduction would result in an unwarranted disparity.

Further, the sentence imposed provides specific deterrence for Defendant and others like him who might be tempted to commit similar crimes. Even accepting he no longer desires to recidivate, supervised release continues to serve as general

6

deterrence with minimal inconvenience to Defendant. Similarly, Defendant's continued reporting requirement assists in alleviating public safety concerns that exist in light of today's drug ravaged communities.

Finally, recognizing that a downward departure has already been granted, any further reduction in Defendant's sentence would not be consistent with established sentencing ranges. This, coupled with the mandatory minimum sentence Defendant was subject to at the time of sentencing, further substantiates a finding that early termination would not be appropriate in this case.

Supervised release here serves important § 3553 objectives. Accordingly, in the absence of any demonstrated justification for the early termination of federal supervision, it is not in the interest of justice to grant same. Defendant's conduct—which is in compliance with the terms of his supervised release—is insufficient to outweigh the considerations set forth in 18 U.S.C. § 3553(a).

## IV. CONCLUSION

For these reasons, this Court shall deny Defendant's Motion for Early Termination of Supervised Release. An accompanying Order as of today's date shall issue.

Dated:  6/25/24  
Camden, New Jersey

/s/   Renée Marie Bumb  
Renée Marie Bumb, Chief  
United States District Judge